A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RECEIVED

AUG 15 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

Paul W Miller
_____
Plaintiff

05503095  USP
_____
Inmate Number

VERSUS

Jeff Landry,
_____
Louisiana Revised Statute
_____
Section 81.1 (A)(1)
_____

_____

(Enter above the full name of each
defendant in this action.)

Electronic Filing Pilot Program
    In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order
2012-01, inmates who reside in or are transferred into Louisiana Department of Corrections facilities
participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by
Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

    The names of **all parties** must be listed in the caption and in part III of the complaint **exactly
the same.**

    In order for this complaint to be filed, it must be accompanied by the filing fee of $402.00.
In addition, the United States Marshal will require you to pay the cost of serving the complaint on
each of the defendants.

    If you are unable to pre-pay the filing fee and service costs, you may petition the court to
proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized
officer certifying the amount of money in your inmate account. If pauper status is granted, you will
be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to
forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts.  THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.    Previous Lawsuits

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    Yes (X) No ( )

    B.  If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.  Parties to this previous lawsuit
            Plaintiff(s): _Paul W. Miller,_
_Others not before the Court_

            Defendant(s): _Jeff Landry,_
_Louisiana Revised Statute 14:81.1_

        2.  Court (if federal court, name the district; if state court, name the parish):
_Middle District of Louisiana_

        3.  Docket number: _Civil Action No. 22-181-JWD-EWD_

        4.  Name of judge to whom case was assigned: _Unknown except for - JWD_

        5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
_The case was dismissed without prejudice_

        6.  Date of filing lawsuit: _On A 2-14-2022_
        7.  Date of disposition: _after April 8 2022_

    C.  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
        Yes ( )          No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

_____

II.    Place of present confinement: _United States Penetentiary Tucson Az._

A. Is there a prisoner grievance procedure in this institution?
    Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes ( ) No (X)

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _____

_____

2. What steps did you take? _____

_____

_____

3. What was the result? _____

D. If your answer is No, explain why not: _I am housed in a federal prison not a state prison and my complaint has nothing to do with my confinement._

III.    Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) _Paul W. Miller and others not before the court_
    Address _United States Penitentiary Tucson, P.O. Box 24550, Tucson, Az., 85734_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Jeff Landry _____ is employed as
Attorney General _____ at Louisiana Justice
Department.

C. Additional Defendants: Louisiana Revised Statute Section 81-1 (A)(1)

_____

_____
_____

IV.    Statement of Claim

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not given any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

Plaintiff for his complaint against Defendant, in the defendant's official capacity only, states the following:

## PRELEMINARY STATEMENT

1. This is an action under the laws and Constitution of the United States, as well as the laws and Constitution of the State of Louisiana, alleging that Defendant, Jeff Landry, in his official enforcement capacity as the Attorney General of the State of Louisiana, has sought and is seeking to violate the

First Amendment rights of Paul W. Miller and others by enforcing the State of Louisiana's currently enacted Louisiana Revised Statute 14:81.1 (A)(1) which makes it a crime for " a person to produce, promote, advertise, distribute, posses, or posses with the intent to distribute pornography involving juveniles" and punishes anyone who violates it with a substantial fine of up to "fifty thousand" dollars and with a enormous prison term at "hard labor" for not less than five years or more than twenty years" and this punishment is "without benifit of parole, probation, or suspension of sentence".

2. By this complaint Plaintiff challanges the Constitutionality of these statutes on their face and as they may be applied to Plaintiff and to Others, as being vague or overbroad. Plaintiff seeks a decleration that the law itself is unconstitutional, as well as preleminary and permanent injunction relief prohibiting its further enforcement.

## JURISDICTION

3. Jurisdiction over Plaintiffs claims for declaratory and injunctive relief is conffered on this Court by 28 U.S.C. §§ 1331, 1343, 2201, and 42 U.S.C. §§ 1983 and 1988. This Court may exercise pendant jurisdiction over Plaintiff's state law claims on the basis of

28 U.S.C. §1367.

4. This suit is authorized by law to redress deprivations under color of state law of rights, privileges, and immunities secured by the Fifth and Fourteenth Amendment's to the United States constitution and for declaratory and injunctive relief.

5. Venue in this Court is appropriate as Plaintiff and others face potential injury from fines and imprisonment and Plaintiff and others are currently injured by their self imposed restraint on exercising their Constitutionally protected expression and press, proscribed by law.

## PARTIES

## The Plaintiff

6. Paul W. Miller is a resident of the State of Louisiana and wants to engage in producing (to put to print) pornography involving juveniles within the state of Louisiana, but, he has thusfar, refrained from producing such Constitutionally protected speech or expression. his address is 22H wester st. Denham Springs Ln. 70726

7. Plaintiff wants to photograph persons under the age of seventeen years old in a sexual performance, where the sex acts performed are not a violation of a non-speech Louisiana criminal law, but he has thusfar refrained

from photographing (to put to print) such persons, because the mere existance of §81.1(A)(i) chills him from photographing such expressions.

8. Plaintiff wants to ask persons under the age of seventeen years old to photograph themselves in a sexual performance, where the sex acts performed are not in violation of a valid non-speech Louisiana criminal law, but he has thus far refrained from asking such person to exercise their First Amendment right to free speech or sexual expression.

9. Plaintiff wants to recieve photographs produced by persons under the age of seventeen years old, of themselves, engaging in a sexual performance where the sex acts performed are not comitted in violation of a valid non-speech Louisiana criminal law, but he has thus far refrained from recieving such photographs.

10. Person under the age of seventeen years old have refrained from producing a photograph of their sexual performances where the sex acts performed are not in violation of any Louisiana non-speech criminal law.

11. Paul W. Miller and others justifiably fears facing punishment for engaging in constitutionally protected speech criminalized by §81.1(A)(i).

12. Plaintiff and others justifiably fears that under §81.1 (A)(1) he and others will be arrested, convicted, and severally punished for violating §81.1 (A)(1).

13. Plaintiff also justifiably fears that others, who are over or under the age of seventeen years old, who engage in constitutionally protected speech will be arrested, convicted and punished for violating §81.1 (A)(1).

14. Plaintiff justifiably fears, under §81.1 (B)(2) that hisself or others, that are a parent, legal guardian, or Custodian of a child will be punished if they consent to the participation of such child in pornography involving juveniles.

15. Such regulation has had a devastating effect on the Petitioner and others, impacting their First Amendment right to put their expressions and the expressions of Other to press.

16. Such regulation has chilled Plaintiff's speech infact, it prevented him from photographing many persons under the age of seventeen years old, while engaging in non-criminal consental sexual intercourse with them while he hisself was under the age of seventeen years old.

17. Such regulation has chilled the speech of Others

not before the Court, such as, a husband or wife who wants to photograph, and thus, primarily record their sexual expressions to each other, when either one or both are under the age of seventeen years old.

18. Such regulation has, in fact, chilled any person who is under the age of seventeen years old who wants to photograph themselves in a lawful sexual performance.

## The Defendant

19. Jeff Landry, is the Attorney General of the State of Louisiana.

20. Pursuant to the Constitution of the State of Louisiana and related state laws, such Attorney General is vested with the responsibility of defending the laws of the State of Louisiana in litigation such as this action.

# STATEMENT OF THE FACTS

## A. Louisiana Revised Statutes 14:81.1 (A)(1)

21. Prior to filing of this action, LA. R.S. 14.81.(A)(1) was enacted and signed into law.

a. The law establishes what speech is proscribed and what punishment a person will recieve for violating it.

b. The Louisiana law at section 81.1 (B)(3) defines "distribute" as "to issue, sell, give, provide, lend, mail, deliver, transfer, transmute, distribute, circulate or disseminate by any means".

c. The Louisiana law at section 81.1 (B)(5) defines "pornography involving juveniles" as "any photograph, videotape, film, or other reproduction whether electronic or otherwise, of any sexual performance involving a child under the age of seventeen."

d. The Louisiana law at section 81.1 (B)(1) defines "produce" as "to photograph, videotape, film, or otherwise reproduce pornography involving juveniles, or to solicit, promote, or coerce any child for the purpose of pornography involving juveniles."

e. The Louisiana law at section 81.1 (B)(7) defines "sexual performance" as "any performance or part thereof that includes actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masterbation, sado masochistic abuse, or lewd exhibition of the genitals or anus."

f. The Louisiana law at section 81.1(A)(1) makes it a crime for a person to produce, promote, advertise, distribute, posses or posses with the intent to distribute pornography involving juveniles".

g. The Louisiana law proscribes the message of free sexual expression, the idea of a childs freedom to perform expressive sex acts, the sexual performance of a child, the directing of a childs sexual performance and the recording of a childs sexual expressions based solely on its content.

22. The Louisiana law reaches any individual, regardless of the age of the person who produced "pornography involving juveniles".

23. The Louisiana law reaches any individual regardless of whether or not the sexual performance includes criminal sexual conduct.

24. The Louisiana law reaches any individual regardless of whether or not the producing, promoting, advertising, distributing, possessing, of pornography involving juveniles involves any non-speech criminal conduct.

25. The Louisiana law does not have as an element the requirement that the sexual acts performed be in

violation of any valid non-speech Louisiana criminal law.

26. The Louisiana law reaches a husband and wife who photographs their sexual performance in their marital bedroom if one or both are under the age of seventeen years old.

27. The Louisiana law reaches a 13 year old child who photographs their genitals, out of courtship or to show to their boyfriend or girlfriend.

28. The Louisiana law reaches a father who places a camera in his fourteen year old daughter's bed room for security reasons, but, he catches his daughter's "sexual performance".

29. The Louisiana law reaches a individual who photographs the sexual performance of a child whether or not the sex acts performed are in violation of a valid non-speech Louisiana criminal law.

30. These provisions violate the First Amendment's freedom of the press and free speech rights by functioning as a prior restraint and imposing an impermissible chilling effect on sexually explicit, non-obscene, non-criminal, speech and expressions in the privacy of ones home, market place, or between individuals in general.

31. The actual existence of these provisions, may cause others not before the court to refrain from photographing, constitutionally protected speech or expression.

## B. First Amendment

32. Congress shall make no law abridging the freedom of the press or the freedom of speech.

33. All methods of expressing ideas, including movies, art, books, and expressive physical conduct, are safe guarded by the free speech clause.

34. The government may not restrict expression because of its message, its ideas, its subject matter, or its content.

35. A law imposing a content-based restriction on expression is invalid.

36. The government must demonstrate that a content-based law satisfies strict scrutiny.

37. To satisfy strict scrutiny a content-based law must be narrowly tailored to serve a legitimate government non-speech intent.

38. Content-based regulations that cannot survive strict scrutiny are facially unconstitutional under the First Amendment.

39. There are certain well-defined and narrowly limited areas of expression in which the government may impose content-based restrictions immune from strict scrutiny review.

40. Such types of expression are excluded from the freedom of speech guaranteed by the First Amendment.

41. Because, those types of expression have been "historically unprotected" by the First Amendment.

42. "Historically unprotected" speech, is speech, in which, at the time of the founding of The United States Constitution's First Amendment, that speech was punished by a valid law.

43. The Supreme Court cannot create a new category of unprotected speech out of whole cloth.

44. The Supreme Court can only identify a category of speech, which has been Historically punished since 1791.

45. "Historically punished" speech means that there was a

Valid law in existance, that punished such speech, at the time of the founding of the First Amendment in 1791.

46. The Supreme Court can identify certain expressions as a sub-category of a previously recovered category of historically punished expression long familiar to the bar.

47. "Long familiar to the bar" means that at some point, in judicial history, that speech has been properly brought before the Supreme Court.

48. "Speech integral to criminal conduct" is one of these historic and traditional categories of speech long familiar to the bar.

49. Content-based restrictions on speech have been permitted, as a general matter, only when confined to these few historic and traditional categories of expression long familiar to the bar.

50. The speech integral to criminal conduct exception is: When a person commits an offense by engaging in both speech and non-speech conduct, and the sole objective of the speech is to facilitate the persons non-speech criminal behavior.

## C. Historical evidence

51. There is no Historical evidence at the time of the founding of the First Amendment, in 1791, that the production of pornography involving juveniles or child pornography was punished by a valid criminal law.

52. There is no historical evidence that there was a law proscribing the production of pornography involving juveniles or child pornography at the founding of the First Amendment in 1791.

## D. Paul W. Miller, on behalf of himself and others, response to Section 81.1 et. rel.

53. Paul W. Miller, wants to photograph a person who is under the age of seventeen years old in a sexual performance, where the sexual acts are non-criminal and legal for him to view.

54. PAUL W. Miller wants to ask a person who is under the age of seventeen years old to photograph themselves in a sexual performance.

55. On behalf of the person under the age of seventeen years old who wants to photograph themselves in a sexual performance.

56. On behalf of the husband and wife, when one or both are under the age of seventeen years old, who wants to photograph themselves in a sexual performance.

57. On behalf of any person who wants to produce pornography involving juveniles of a sexual performance of a person under the age of seventeen years old, where the sex acts are not criminal.

58. Paul W. Miller and others fear of prosecution is grounded in actual enforcement activities throughout the State of Louisiana.

59. The State of Louisiana has a history of prosecuting sexually explicit materials.

60. Paul W. Miller's fear of being punished is justifiable.

## STATEMENT OF THE CASE

### Claim One: Violation of First Amendment Speech Rights

61. Plaintiff realleges and incorporates by reference each and every proceeding paragraph of this complaint.

62. Because, the State law makes it a crime to

photograph the sexual performance of a person
under the age of seventeen years old without requiring
the sexual performance to be in violation of a
valid non-speech criminal law proscribing the sex act
itself violates the Plaintiff's First Amendment
rights of the press and free speech and free
expression.

63. In light of these facts, Plaintiff is
entitled to a declaration that §81.1(A)(1)
"pornography involving juveniles" as an offense
violates the First Amendment, both on its face and
as applied to him, and is, therefore, unenforceable.

64. Plaintiff is equally entitled to an injunction
restraining the enforcement and application of
LA. R.S. 14:81.1(A)(1).

## Claim Two: Violation of First Amendment
## Speech Rights of Others

65. Plaintiff realleges and incorporates by reference
each and every preceding paragraph of this Complaint.

66. Because, the State law makes it a crime to
photograph the sexual performance of a person under
the age of seventeen years old without requiring

the Sexual performance to be in violation of
a valid non-speech criminal law proscribing the
sex act itself, violates the First Amendment's
right of free press, and the freedom of speech and
expression.

67. In light of these facts, Others are entitled to
a declaration that § 81.1(A)(i) "pornography involving
juveniles", as an offense, violates the First Amendment,
both on its face and as applied to others not
before the Court, and is, therefore, unenforceable.

68. Others are equally entitled to an injunction
restraining the enforcement and application of La. R.S.
14:81.1(A)(i).

V.    Relief

<u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments.  Cite no cases or statutes.  Attach no exhibits. _In the following "Prayer for Relief" Plaintiff states as briefly as possible the relief desired, see V.1_

VI.    Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this _10_ day of _August_ , 20 _22_ .

_Paul W. Miller_   _federal # 05505905_

_____
Signature of plaintiff(s)

V.1    PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this case and set this case for a prompt hearing;

B. Permit Plaintiff and others to proceed in this action under his initials as opposed to his full legal Name in order to protect his anonymity;

C. Enter a delecration that the state of Louisiana's Anti-pornography involving juveniles - laws against individuals are unconstitutional, both facially and/or as they may be applied against Plaintiff and others;

D. Enter judgement for preliminary and permanent injunction relief prohibiting Defendant from enforcing these provisions;

E. Award reasonable attorney's fees and cost persuant to 42 U.S.C. § 1988; and

F. Enter any other award or relief that the Court finds justified under the circumstances

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Paul W. Miller
_____
(Plaintiff)

VERSUS

Jeff Landry
_____
(Defendants)

RECEIVED

05503-095
Inmate Number    AUG 15 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

## MOTION TO PROCEED IN FORMA PAUPERIS

COMES NOW Paul W. Miller plaintiff, in the above-styled cause and, pursuant to the provisions of Title 18, United States Code, Section 1915, respectfully moves for leave to proceed in forma pauperis without prepayment of fees, costs or security given therefor. In accordance with 28 U.S.C. § 1915(b)(1) and (2), the plaintiff shall be required to pay an initial partial filing fee and thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid.

Aug. 10, 2022
Date

Paul W. Miller
Signature

## AFFIDAVIT IN SUPPORT OF REQUEST
## TO PROCEED IN FORMA PAUPERIS

I, Paul W. Miller, declare that I am the plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty that I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress.

I further declare that the responses which I have made to questions and instructions below are true.

1.  Are you presently employed?  YES ( )  NO (X)

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.___
    _____

    _____

b.    If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

_I was employed as a norm orderly and recieved_
_—0— dollars per month._

2.        Have you received within the past twelve months any money from any of the following sources?

a.    Business, profession, or form of self-employment (hobby craft sales included)?  YES ( )  NO ( X )

b.    Rent payments, interest or dividends?  YES ( )  NO ( X )

c.    Pensions, annuities or life insurance payments?  YES ( )  NO ( X )

d.    Gifts or inheritances?  YES ( X )  NO ( )

e.    Any other sources?  YES ( )  NO ( X )

If the answer to any of thee above is yes, describe each source of money and state the amount received from each during the past 12 months. _I recieved $300.00 from my sister, on 11-5-2021, she_ _passed away in January of 2022._

3.    Do you own any cash, or do you have money and/or bonds in a checking or savings account?  (Include any funds in prison accounts.)  YES ( X )  NO ( ).  If the answer is YES, state the total value of the items owned.

Prison Drawing Account $ _0.33_

Prison Savings Account:

A. Cash _—0—_

B. Bonds _—0—_

Other (specify) _—0—_

4.    Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishing and clothing)?  YES ( )  NO ( X )

If the answer is yes, describe the property and state its approximate value. _____
_____
_____
_____
_____

5.  List the persons who are dependent upon you for support, state your relationship to those person, and indicate how much you contribute toward their support. _____

_N/A_

I declare under penalty of perjury that the foregoing is true and correct.

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

Aug. 10, 2022
_____
Date

Paul W. Miller
_____
Signature of Plaintiff

STATEMENT OF ACCOUNT
(Certified Institutional Equivalent)

I hereby certify that _Miller, Paul_, inmate number _05503-095_ the plaintiff herein has the following sums of money on account to his credit at _FCC Tucson_, the institution where he is confined:

Prison Drawing Account: $ _0.33_

Prison Savings Account: $ _∅_

A.   Cash _∅_

B.   Bonds _∅_

I further certify that the average monthly deposits for the preceding six months is $ _∅_.

(*The average monthly deposits are to be determined by adding the deposits made during a given month and dividing that total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is to be divided by six.*)

I further certify that the average monthly balance for the prior six months is $ _36.92_.

(*The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six months. The balance from each of the six months are to be added together and the total is to be divided by six.*)

_8/3/22_
Date Certified

_CCC_
Signature of Authorized Officer of Institution



USA DOLLAR

USA DOLLAR

Paul W. Miller
Reg. NO. 05503-095
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

SCREENED
OK
U.S. MARSHAL

⟨⟩05503-095⟨⟩
Clerk Of Court
ROOM 139
777 Florida ST
Baton Rouge, LA 70801
United States